**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000212
05-SEP-2018
12:52 PM**

NO. CAAP-18-0000212

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MS, Plaintiff-Appellee,
v.
EM, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D No. 13-1-0458)

ORDER GRANTING JULY 9, 2018
MOTION TO DETERMINE APPELLATE JURISDICTION,
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION,
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of (1) Defendant-Appellant E.M.'s (E.M.)
July 9, 2018 motion to determine appellate jurisdiction, (2) the
lack of any memorandum by Plaintiff-Appellee M.S. (M.S.) in
response to E.M.'s July 9, 2018 motion, and (3) the record, it
appears that we lack appellate jurisdiction over Defendant-
Appellant E.M.'s appeal from the Honorable Adrianne N. Heely's
February 26, 2018 interlocutory order in this family court
divorce case denying three of E.M.'s motions: (1) to set aside a
March 3, 2014 interlocutory order awarding child custody to M.S.,
(2) to decline jurisdiction over child custody, and (3) to modify
child custody.

The February 26, 2018 interlocutory order is not an independently appealable final order or decree pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006), which provides that "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided." (Emphasis added). Under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations omitted). Rule 54(a) of the Hawai'i Family Court Rules provides that the term "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Therefore, after a family court has already entered an appealable judgment, decree, or order, "[a] post-judgment order is an appealable final order . . . if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). In the absence of an appealable final judgment, order or decree, any rulings on a purported post-judgment motion are interlocutory and not eligible for appellate review until the entry of an appealable final judgment, order or decree. Cf. Bailey v. DuVauchelle, 135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015) ("Absent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." (Citations omitted)).).

In a divorce case, a family court ruling on child custody, visitation and support is final and appealable under HRS § 571-54 only if the family court has previously or

simultaneously dissolved the marriage of the plaintiff and defendant:

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; <u>(2) child custody, visitation</u>, and support;  (3) spousal support;  and (4) division and distribution of property and debts.  <u>Black v. Black</u>, 6 Haw. App. [493], 728 P.2d 1303 (1986).  In <u>Cleveland v. Cleveland</u>, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided.  Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided;  that <u>parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided;  and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided</u>.

<u>Eaton v. Eaton</u>, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted; emphases added).  Although the family court previously entered a March 3, 2014 interlocutory order awarding child custody to M.S., the March 3, 2014 interlocutory order was not an immediately appealable final order under HRS § 571-54 and <u>Eaton</u> because the family court had not yet dissolved the marriage of M.S. and E.M.  Similarly, although the February 26, 2018 interlocutory order that E.M. is appealing involves the issue of child custody (<u>i.e.</u>, by declining to set aside or modify the March 3, 2014 interlocutory order), the February 26, 2018 interlocutory order is likewise not an immediately appealable final order under HRS § 571-54 and <u>Eaton</u> because the record shows that the family court has not yet dissolved the marriage of M.S. and E.M.

Although exceptions to the finality requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the February 26, 2018 interlocutory order does not satisfy the requirements for appealability under any of those exceptions.  <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability

under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, order or decree, we lack appellate jurisdiction over this appeal, and E.M.'s appeal is premature.

Therefore, IT IS HEREBY ORDERED that E.M.'s July 9, 2018 motion to determine appellate jurisdiction is granted, and appellate court case number CAAP-18-0000212 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-18-0000212 are dismissed as moot.

DATED: Honolulu, Hawai'i, **September 5, 2018.**

Presdiding Judge

Associate Judge

Associate Judge

-4-